UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JENNIFER LYNN PLADAS,

                    Plaintiff,

v.                                    DECISION & ORDER

ANDREW SAUL, Commissioner of         19-CV-648-MJP
Social Security,

                    Defendant.

---

## INTRODUCTION

**Pedersen, M.J.** Jennifer Lynn Pladas ("Plaintiff") brings this action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for disability benefits and Supplemental Security Income Benefits ("SSI"). Pursuant to 28 U.S.C. § 636(c), the parties have consented to the disposition of this case by a United States magistrate judge. (Consent to Proceed, ECF No. 13.)

Presently before the Court are cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. (ECF Nos. 7 & 9.) For the reasons set forth below, this matter must be remanded for a rehearing.

## PROCEDURAL BACKGROUND

Plaintiff filed an application for supplemental security income ("SSI") and disability insurance benefits ("DIB") on January 19, 2016. (R.[1] 156–61.) The Commissioner initially denied the application on March 14, 2016. (R. 73–86.) Plaintiff

---

[1] "R" refers to the filed record of proceedings from the Social Security Administration, filed on August 9, 2019. (ECF No. 4.)

requested a hearing before an Administrative Law Judge ("A.L.J."), (R. 90–98), and appeared and testified at a hearing held on February 7, 2018. (R. 26–66.) On August 31, 2018, the A.L.J. issued an unfavorable decision, finding Plaintiff was not disabled. (R. 6–25.) In her decision, the A.L.J. followed the required five-step analysis for evaluating disability claims. (R. 11–25.) Under step one of the process, the A.L.J. found that Plaintiff had not engaged in substantial gainful activity since November 24, 2015, the application date. (R. 11.) At step two, the A.L.J. concluded that Plaintiff had the following severe impairments: intervertebral disc disorders with radiculopathy, chondromalacia bilaterally, asthma, unspecified anxiety disorder, unspecified depressive disorder, and post-traumatic stress disorder. (R. 12.) At step three, the A.L.J. determined that Plaintiff does not have an impairment (or combination of impairments) that met or medically equaled one of the listed impairments. *(Id.)* At step four, the A.L.J. concluded that Plaintiff has the following residual functional capacity ("RFC"):

> to perform light work as defined in 20 C.F.R. § 416.967(b) except the claimant can push and pull as much as she can lift and carry. The claimant can occasionally overhead reach to the left. The claimant can occasionally climb ramps and stairs, ladders[,] ropes[,] and scaffolds, balance, stoop, kneel, crouch[,] and crawl. The claimant can never work at unprotected heights or with moving mechanical parts. The claimant can have occasional exposure to humidity, wetness[,] and dust, odors, fumes[,] and pulmonary irritants. The claimant cannot have exposure to extreme cold or extreme heat. The claimant is limited to performing simple, routine[,] and repetitive tasks but not at a production rate pace (i.e. no assembly line work). The claimant is limited to simple work-related decisions. The claimant is limited to tolerating few changes in routine work setting defined as performing the same duties at the same station or location day to day. The claimant can have occasional and superficial contact with coworkers, supervisors[,] and the public.

(R. 14–15) The A.L.J. determined that Plaintiff has no past relevant work. (R. 20.) The A.L.J. proceeded on to step five and found that jobs existed in the national and regional economy that Plaintiff could perform. (*Id.*) Accordingly, at step five, the A.L.J. found that Plaintiff was not disabled. (R. 21.)

Plaintiff timely filed a request for review by the Appeals Council on August 31, 2018. (R. 1–5.) The Appeals Council denied the request for review on March 19, 2019, thereby making the A.L.J.'s decision the final decision of the Commissioner. Plaintiff timely filed this civil action on March 21, 2019, seeking judicial review of the A.L.J.'s decision. (Compl., ECF No. 1.)

## STANDARD OF REVIEW

Title 42 U.S.C. § 405(g) grants jurisdiction to district courts to hear claims based on the denial of Social Security benefits. Section 405(g) provides that the district court "shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g) (2007). It directs that when considering a claim, the Court must accept the findings of fact made by the Commissioner, provided that such findings are supported by substantial evidence in the record. Substantial evidence is defined as "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *see also Metro. Stevedore Co. v. Rambo*, 521 U.S. 121, 149 (1997).

To determine whether substantial evidence supports the Commissioner's findings, the Court must "examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn." *Brown v. Apfel*, 174 F.3d 59, 62 (2d Cir. 1999) (quoting *Mongeur v. Heckler*, 722 F.2d 1033, 1038 (2d Cir. 1983) (*per curiam*)). Section 405(g) limits the scope of the Court's review to two inquiries: whether the Commissioner's findings were supported by substantial evidence in the record, and whether the Commissioner's conclusions are based upon an erroneous legal standard. *Green-Younger v. Barnhart*, 335 F.3d 99, 105–06 (2d Cir. 2003); *see also Mongeur*, 722 F.2d at 1038 (finding a reviewing court does not try a benefits case *de novo*).

A person is disabled for the purposes of SSI and disability benefits if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A) & 1382c(a)(3)(A). In assessing whether a claimant is disabled, the A.L.J. must employ a five-step sequential analysis. *See Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982) (*per curiam*). The five steps are:

> (1) whether the claimant is currently engaged in substantial gainful activity;
>
> (2) if not, whether the claimant has any "severe impairment" that "significantly limits [the claimant's] physical or mental ability to do basic work activities";
>
> (3) if so, whether any of the claimant's severe impairments meets or equals one of the impairments listed in Appendix 1 of Subpart P of Part 404 of the relevant regulations;

(4)     if not, whether despite the claimant's severe impairments, the claimant retains the residual functional capacity [("RFC")] to perform his past work; and

(5)     if not, whether the claimant retains the [RFC] to perform any other work that exists in significant numbers in the national economy.

20 C.F.R. §§ 404.1520(a)(4)(i)-(v) & 416.920(a)(4)(i)-(v); *Berry v. Schweiker*, 675 F.2d at 467. "The claimant bears the burden of proving his or her case at steps one through four[;] . . . [a]t step five the burden shifts to the Commissioner to 'show there is other gainful work in the national economy [which] the claimant could perform.'" *Butts v. Barnhart*, 388 F.3d 377, 383 (2d Cir. 2004) (quoting *Balsamo v. Chater*, 142 F.3d 75, 80 (2d Cir. 1998)).

## ANALYSIS

Plaintiff presents three issues for analysis in her Memorandum of Law. (ECF No. 7-1.) First, Plaintiff asserts that the A.L.J. failed to fully develop the record upon learning that Plaintiff purports to have a seizure disorder. (*Id.* at 18–22.) Second, Plaintiff contends that because the A.L.J. failed to consider Plaintiff's seizure disorder, the A.L.J.'s "step two" analysis was flawed and the A.L.J.'s RFC finding was unsupported by substantial evidence. (*Id.* at 22–24.) Finally, Plaintiff argues that remand is necessary because the A.L.J. improperly weighed the medical opinion of a consultative physician's opinion, and in the alternative, that the same consultative physician's opinion was unsupported by substantial evidence. (*Id.* at 24–28.)

### *The A.L.J.'s Development of the Record*

Plaintiff's first issue presented in this case implicates both the A.L.J.'s duty to develop the record and the duty of claimants appearing for hearings before the SSA under the "five-day rule" found in 20 C.F.R. § 416.1435(a). This rule requires that

Plaintiff, as claimant, "submit or inform SSA about written evidence at least five business days before the date of his or her scheduled hearing." *Jonathan V. v. Comm'r of Soc. Sec.*, No. 6:18-CV-1350 (TWD), 2020 WL 1270655, at *3 (N.D.N.Y. Mar. 17, 2020) (citing 20 C.F.R. § 416.1435(a)). Case law regarding the duty of the A.L.J. to develop the record is clear: "because a hearing on disability benefits is a non-adversarial proceeding, the ALJ generally has an affirmative obligation to develop the administrative record." *Perez v. Chater*, 77 F.3d 41, 47 (2d Cir. 1996) (citing *Echevarria v. Sec'y of Health & Human Servs.*, 686 F.2d 751, 755 (2d Cir. 1982)). The SSA's regulations reflect this. *See* 42 U.S.C. § 423(d)(5)(B) (the Commissioner must "make every reasonable effort to obtain from the individual's . . . health care provider[s] all medical evidence, including diagnostic tests, necessary in order to properly make [his] determination.") The Second Circuit has held this duty applies where the claimant is represented. *Rosa v. Callahan*, 168 F.3d 72, 79 (2d Cir. 1999) (quoting *Perez*, 77 F.3d at 47.)

The government correctly points out, however, "the [SSA] revised 20 C.F.R. § 416.1435(a) to require claimants to [ ] make every reasonable effort to ensure that the ALJ receives all evidence . . . 'no later than [five] business days before the date of the scheduled hearing.'" (Def.'s Mem. of Law at 17, ECF No. 9-1) (quoting the five-day rule as codified at 20 C.F.R. § 416.1435(a)). The Court also notes that the applicable SSA regulation places the burden on plaintiffs who have "evidence required under [20 C.F.R.] § 416.912 but [ ] have missed the deadline" to come forward with that evidence "if [the A.L.J.] has not yet issued a decision" and to provide one of

the explanations found in 20 C.F.R. §§ 416.1435(b)(1)–(3). *See Palmeri v. Saul*, No. 18-CV-1182F, 2020 WL 1445260, at *4 (W.D.N.Y. Mar. 25, 2020) (holding that excusable neglect is inapplicable to cases involving consideration of 20 C.F.R. § 404.935 and that the proper review concerning untimely records and evidence is to consider the exemptions to the five-day rule in 20 C.F.R. §§ 416.1435(b)(1)–(3)). Finally, the Court notes that the five-day rule was in effect at the time of the hearing and decision of this case.

Second Circuit trial courts have had occasion to address the tension between the five-day rule and the A.L.J.'s duty to develop the record. This District recently treated that issue in *Degraff v. Saul*, finding that it is a plaintiff's duty to:

> submit or inform the ALJ of any evidence at least five business days prior to the scheduled administrative hearing . . . . ALJs may decline to consider records submitted subsequent to a hearing, or alternatively, decline to attempt to obtain such evidence unless the claimant provides compelling reasons for late submissions that include being misled by some agency action, a physical mental, educational, or linguistic limitation, or "[s]ome other unusual, unexpected, or unavoidable circumstance beyond [Plaintiff's] control."

*Degraff v. Saul* No. 19-CV-6177F, 2020 WL 3481455, at *5 (W.D.N.Y. June 26, 2020) (quoting 20 C.F.R. § 416.1435(b)). The Western and Northern Districts have repeatedly held that records submitted late without one of the exemptions found in 20 C.F.R. §§ 416.1435(b)(1)–(3) need not be considered by the A.L.J. *See, e.g., Degraff*, 2020 WL 3481455, at *5; *Edwards v. Berryhill*, No. 17-CV-1247F, 2019 WL 2340953, at *4 (W.D.N.Y. June 3, 2019) ("an ALJ's duty to affirmatively develop the record is discharged when the ALJ agrees to hold the record open to permit the claimant's counsel . . . to obtain additional relevant records, with the caveat that if counsel fails

to provide the records within a specified period of time, the ALJ's decision would be made based on the existing record"); *Shari Lee Z. v. Saul*, No. 5:19-CV-0268 (GTS), 2019 WL 6840134, at *7 (N.D.N.Y. Dec. 16, 2019); *Arthur L. v. Berryhill*, 18-CV-0304, 2019 WL 4395421, at *3-4 (N.D.N.Y June 6, 2019) ("[t]o say that the ALJ was required to admit and consider this evidence despite the fact that it was not submitted in compliance with the five-day rule would make that rule an empty vessel that need not be complied with") (Steward, M.J.) *report and recommendation adopted by* 2019 WL 3213229, at *9 (N.D.N.Y. July 17, 2019) (Scullin, J.).

While the Court acknowledges that this may still be a case where any records of Plaintiff's alleged seizure disorder need not be considered by the A.L.J., because the A.L.J. did not discuss in her decision Plaintiff's testimony about her alleged seizure disorder, and because the A.L.J. also failed to discuss whether to consider records and evidence of that alleged seizure disorder, remand is required. *See Jonathan v. v. Comm'r of Soc. Sec.*, 2020 WL 1270655, at *4–5 (remanding because the A.L.J. did not consider additional records and did not "address any violations of the five-day rule or applicable exceptions" concerning them.) At the hearing, Plaintiff testified that she has been "hospitalized three times" due to seizures, although she did not specify any timeframe, only that she went to Buffalo General Hospital. (R. 52.) Plaintiff's counsel and the A.L.J. appeared to agree that there was no diagnosis of a seizure disorder in Plaintiff's records. (*See id.*) Post hoc, Plaintiff has brought to this Court's attention a single reference to a history of seizures (R. 609.) Although Plaintiff had denied seizures on several occasions, including one denial to the

8

provider who noted the purported history of them only a month later (*see* R. 607; *see also* R. 252, 246–47), this Court cannot be the arbiter of conflicting evidence in the record. *Clark v. Comm'r of Soc. Sec.*, 143 F.3d 115, 118 (2d Cir. 1998) (holding that it is the responsibility of the Commissioner to "weigh the conflicting evidence in the record."); *see also Veino v. Barnhart*, 312 F.3d 578, 588 (2d Cir. 2002) ("[g]enuine conflicts in the medical evidence are for the Commissioner to resolve.") For that reason, and because the A.L.J. failed to address Plaintiff's seizures in her decision, including whether to accord Plaintiff's hearing testimony any weight or to apply the five-day rule, remand is required. (R. 9–22.) The A.L.J.'s decision only refers to closing the record and applying the five-day rule regarding records from "the DART clinic." (R. 9.) The Court is persuaded here by *Jonathan V. v. Comm'r of Soc. Sec.*, where the Northern District remanded because there was similarly no evidence that the A.L.J. weighed (or excluded) additional evidence the plaintiff tried to submit. *See* 2020 WL 1270655, at *4. Since "remand is particularly appropriate where further findings or explanation will clarify the rationale for the A.L.J.'s decision," the appropriate remedy here is to remand this case for the Commissioner to address the issue of Plaintiff's alleged seizure disorder. *Steficek v. Barnhart*, 462 F. Supp. 2d 415, 418 (W.D.N.Y. 2006) (citing *Pratts v. Chater*, 94 F.3d 34, 39 (2d Cir. 1996)).

The foregoing errors require reversal and remand. Since remand is required, the Court need not address the other arguments advanced by Plaintiff in support of her Motion.

## CONCLUSION

For the abovementioned reasons, the Court grants Plaintiff's motion for judgment on the pleadings (ECF No. 7) and denies the Commissioner's motion for judgment on the pleadings (ECF No. 9). Pursuant to the fourth sentence of 42 U.S.C. § 405(g), this matter is remanded to the Commissioner for a re-hearing. The Clerk of the Court is directed to enter judgment in favor of Plaintiff and close this case.

IT IS SO ORDERED.

Dated:  August 31, 2020
        Rochester, New York

MARK. W. PEDERSEN
United States Magistrate Judge